**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
         jsmith@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA PEREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Veronica Perez ("Plaintiff") brings this class action on behalf of herself and all others similarly situated against Defendant Select Portfolio Servicing, Inc. ("SPS" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## FACTUAL ALLEGATIONS

1. There has been a proliferation of so-called "junk fees" in the consumer financial marketplace, such as charges for reviewing transaction histories, and excessive late fees. This class action focuses on a specific type of junk fee that is particularly unfair and abusive to consumers: convenience fees imposed by mortgage servicer SPS.

2. SPS charges borrowers $15.00 to make mortgage payments online or when a borrower speaks with a live representative to make a payment.

3. These "pay to pay" fees are unfair and inequitable for several reasons.

4. First, these fees are particularly insidious in the context of the mortgage industry because, unlike most marketplaces, homeowners have no choice in their mortgage servicer. When consumers decide to take out a mortgage, many believe that they are entering into a long-term relationship with a financial institution. After origination, however, many mortgage loans and their servicing rights are sold in the secondary markets and may be sold many times over the course of the loan. As a result, consumers do not know and cannot know which company will service their mortgage loan, and they have no ability to change servicers.

5. Second, the most basic function of a mortgage servicer is to accept payments. The concept that a servicer ought to be able to impose an additional charge for performing its core function is fundamentally unfair and inequitable. Servicers earn their profit for servicing the loan in the origination charges and interest rate that consumers pay, and thus they are already compensated for the cost of accepting payments submitted by the borrowers when these servicers either enter into the original loan or choose to acquire the servicing rights for the loan. Through its convenience fees, SPS is essentially getting compensated twice for accepting a payment.

6. Moreover, the convenience fees charged by SPS exceed the actual costs to the servicer to accept payments made through a website or over a phone. An industry study found that processing a check costs debt collectors between $1 and $4, whereas processing payments made online or by phone typically cost debt collectors substantially less, about $1.50 per transaction.

7. In the face of these costs, SPS has elected not to charge a fee for automatically scheduled online payments, or payments made by mail.



*The SPS online payment interface. Automatic payments and payments made by mail incur no fee.*

8. Thus, any argument SPS may make that their fees are justified because paying over the phone or online incurs extra costs falls flat. If its concern was truly about recouping costs associated with payment processing, SPS would charge those who attempted to pay by mail and those who make automatic online payments a "convenience fee" as well. On its face, then, Defendant's "convenience fees" are nothing but a way to punish those who do not pay the way that Defendant wants them to pay, regardless of whether they pay their loans on time, and serve to unjustifiably squeeze out extra profits from people like Plaintiff Perez.

9. Third, making payments by sending a check in the mail is not a reliable way to avoid fees. Checks may get lost in the mail or, even if they arrive on time, may not be properly processed by SPS. Plaintiff Perez has tried mailing checks in the past, but she worries they will get lost in the mail or will not be received on time. Additionally, consumers typically pay by

phone or through a website because they want the payment to post immediately, whereas mailing a check may take too long to post to avoid a late fee.

10. In April 2022, twenty-two state attorneys general, including for California, drafted a joint letter to the Consumer Financial Protection Bureau setting forth their position that "pay to pay" fees are exploitative.

11. SPS's "pay to pay" fees are unfair and violate California's Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq.* (the "UCL"), and unjustly enrich SPS. Plaintiff seeks restitution and injunctive relief on behalf of herself and all similarly situated consumers in California.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class Members, the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class Member is a citizen of a state different from at least one Defendant.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant does business throughout this District, Plaintiff lives in this District, and the wrongful conduct at issue occurred in this District with respect to Plaintiff and other putative Class members living in this District.

14. This Court has personal jurisdiction over Defendant because it conducts substantial business within California, and a substantial portion of the events giving rise to Plaintiff's claims occurred in this State.

## PARTIES

15. At all relevant times, Plaintiff Veronica Perez has been domiciled in Sacramento, California.

16. Plaintiff's mortgage is currently serviced by SPS.

17. Plaintiff had previously mailed checks to SPS to make her monthly mortgage payments. Plaintiff, however, wanted to be able to pay more quickly and was concerned with her

checks getting lost in the mail, so she switched to payment over the phone. Due to SPS's arbitrary fee structure, Plaintiff Perez began to incur $15.00 fees whenever she made her mortgage payments.

18. Over the past two years, Plaintiff Perez has incurred a payment method fee approximately ten times.

19. Defendant SPS is a Utah corporation with its principal place of business and headquarters located in Utah.

## CLASS ALLEGATIONS

20. Plaintiff brings this action on her own behalf and on behalf of a California class of similarly situated persons. Plaintiff seeks certification of the following class (the "Class"):

> All California residents who paid convenience fees to SPS for making payments online or over the phone. Any judicial officer to whom the Action is assigned is excluded from the Class.

21. The aforementioned class may be modified as necessary based on additional information obtained in discovery.

22. <u>Numerosity of the Class</u>: The Class is composed of at least thousands of individuals who paid convenience fees to SPS in California, the joinder of which in one action would be impracticable. The disposition of their claims through this class action will benefit both the parties and the Court. The identities of individual members of the Class are ascertainable through SPS's billing records.

23. <u>Existence and Predominance of Common Questions of Fact and Law</u>: There is a well-defined community of interest in the questions of law and fact involved affecting the members of the proposed Class. The questions of law and fact common to the proposed Class predominate over questions affecting only individual Class members. Such questions include, but are not limited to, the following:

    a. Whether SPS's convenience fees are unfair and result in a windfall to SPS;

    b. Whether Plaintiff and the proposed Class members are entitled to restitution or refund of convenience fees;

   c. Whether Plaintiff and the proposed Class members are entitled to an award of reasonable attorneys' fees, pre-judgment interest and costs of this suit; and

24. <u>Typicality</u>: Plaintiff is asserting claims that are typical of the proposed Class members' claims, having paid unlawful convenience fees to SPS. Plaintiff and the proposed Class members have similarly suffered harm arising from SPS's violations of the law, as alleged herein.

25. <u>Adequacy</u>: Plaintiff is an adequate representative of the proposed Class. Her interests do not conflict with, and are not antagonistic to, the interests of the members of that Class. Plaintiff will fairly and adequately represent and protect the interests of the Class.

26. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and the proposed Class members' claims. Plaintiff and the members of the proposed Class have suffered irreparable harm as a result of Defendant's unfair and unconscionable conduct. Because of the size of the individual Class members' claims, few, if any, proposed Class members could afford to seek legal redress for the wrongs complained of herein. Absent a class action, the proposed Class members will continue to suffer losses, and the violations of law described herein will continue without remedy, and SPS will be permitted to retain the proceeds of its misdeeds. SPS continues to engage in the unlawful, unfair, and unconscionable conduct that is the subject of this Complaint.

## FIRST CAUSE OF ACTION
### Violation of California Unfair Competition Law ("UCL")
### Cal. Bus. & Prof. Code § 17200 *et seq.*

27. Plaintiff incorporates herein by reference the allegations contained in all preceding paragraphs of this Complaint.

28. Plaintiff brings this claim individually and on behalf of the members of the Class against SPS.

29. Plaintiff and SPS are "persons" as defined by § 17201.

30. SPS's charging of "pay to pay" fees constitutes unfair business acts and practices.

31. SPS's conduct is substantially injurious to customers, and the gravity of its conduct is outweighed by any benefits. Further, consumers had no reasonable alternatives and could not have avoided SPS's actions.

32. Plaintiff and the members of the Class have suffered an injury in fact resulting in the loss of money and/or property as a proximate result of the violations of law and wrongful conduct of SPS alleged herein, and they lack an adequate remedy at law to address the unfair conduct at issue here. Legal remedies available to Plaintiff and Class members are inadequate because they are not equally prompt and certain and in other ways efficient as equitable relief. Damages are not equally certain as restitution because the standard that governs restitution is different than the standard that governs damages. Hence, the Court may award restitution even if it determines that Plaintiff fails to sufficiently adduce evidence to support an award of damages. Damages and restitution are not the same amount. Unlike damages, restitution is not limited to the amount of money defendant wrongfully acquired plus the legal rate of interest. Equitable relief, including restitution, entitles the plaintiff to recover all profits from the wrongdoing, even where the original funds taken have grown far greater than the legal rate of interest would recognize. Legal claims for damages are not equally certain as restitution because claims under the UCL entail few elements. In short, significant differences in proof and certainty establish that any potential legal claim cannot serve as an adequate remedy at law.

33. Plaintiff seeks all available relief under the UCL.

## SECOND CAUSE OF ACTION
**Unjust Enrichment**

34. Plaintiff incorporates herein by reference the allegations contained in all preceding paragraphs of this Complaint.

35. Plaintiff brings this claim individually and on behalf of the members of the Class against SPS.

36. SPS has been unjustly enriched by charging "pay to pay" fees as described above.

37. SPS was enriched under circumstances that it cannot conscientiously retain its gain at Plaintiff's and the putative Class's expense.

38. Plaintiff and members of the putative class have been injured as a direct and proximate result of SPS's inequitable conduct. Plaintiff and members of the putative class lack an adequate remedy at law with respect to this claim and are entitled to non-restitutionary disgorgement of the financial profits that Defendant obtained as a result of its unjust conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the members of the Class, prays:

A. For an order certifying the Class and appointing Plaintiff and the undersigned counsel of record to represent the Class;

B. For a permanent injunction enjoining SPS, its partners, joint ventures, subsidiaries, agents, servants, and employees, and all persons acting under, in concert with them directly or indirectly, or in any manner, from in any way engaging in the unfair and unlawful practices and violations of law set forth herein;

C. For full restitution of all funds acquired from SPS's unfair business practices and other violations of law, including disgorgement of profits;

D. For imposition of a constructive trust upon all monies and assets SPS has acquired as a result of its unfair and unlawful practices;

E. For costs of suit herein;

F. For both pre- and post-judgment interest on any amounts awarded;

G. For payment of reasonable attorneys' fees; and

H. For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: October 27, 2022     Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: _____*/s/Joel D. Smith*_____
         Joel D. Smith

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)

1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
jsmith@bursor.com

*Attorneys for Plaintiff*